WILLIAM R. MANKOFF, INC., Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Carriers — of merchandise — actions — evidence — damages — what is perishable property.

> Where on the trial of an action against a carrier to recover for delay in the carriage of certain onions it appears that they were sold at a certain price, which was adopted as the measure of value, the admission of defendant's counsel as to their value in a frozen condition, as testified to by plaintiff, may not be considered on the question of damages.

> Where plaintiff concedes that forty-eight hours would have been a reasonable time for the transportation of the goods to have been completed but double that time was taken during all of which the temperature was above the freezing point except for a part of one day when there was a minimum of from twenty-four to twenty-five degrees, damages for the freezing of goods alleged to be due to delay may not be recovered.

> The court may not take judicial notice of the fact that onions are perishable property and that delay in shipment will spoil them.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Man-

hattan, second district, in favor of plaintiff, after a trial by a judge without a jury.

Stetson, Jennings & Russell (Allen S. Hubbard, of counsel), for appellant.

Joseph L. Lefkowitz, for respondent.

*Per Curiam.* This action is brought to recover damages sustained by plaintiff for delay in the carriage and delivery of four carloads of onions from a point in New York state to New York city. The delay occurred substantially exclusively in the vicinity of Weehawken, N. J.

As to the first car, constituting the first cause of action, it is apparent that the learned judge below accepted a concession made by defendant's counsel as to the amount of damages, if any were proved, as being correct, but the concession referred manifestly to certain testimony of value of the goods in their frozen condition given by plaintiff, whereas the price at which they were actually sold here, which seems to have been adopted as the measure of value throughout the case, was somewhat different. The defendant is, therefore, entitled to a reduction of forty-eight dollars and eighty-eight cents on this item.

In regard to the fourth cause of action, relating to the fourth carload shipped, this car left the point of departure on January 18, 1916, arrived at Weehawken on the twentieth and was delivered in New York city on the twenty-fourth. Plaintiff concedes that from twenty-four to forty-eight hours would be a reasonable time for this transportation to have been accomplished. But from January twentieth to twenty-fourth, the United States Weather Bureau reports show that the temperature was at all times above the

freezing point, except that there was a minimum of from twenty-four to twenty-five degrees for part of the time on January twentieth.

It cannot be, and I do not think that it is, seriously claimed that under the circumstances the onions could have been *frozen* by reason of defendant's delay. The learned judge below seems to have been of opinion that he might take judicial notice of the fact " that onions are perishable property and that a delay in shipment will spoil them. There is no question about that." I do not think that we can take judicial notice of the facts as thus stated, and I do not understand that respondent urges seriously that the award of sixty-eight dollars and fifty cents on this cause of action can be supported.

The judgment will accordingly be modified by deducting therefrom the two amounts indicated, and, as reduced, with appropriate costs in the court below, will be affirmed, with twenty dollars costs to the respondent.

Present: GUY, BIJUR and SHEARN, JJ.

Judgment modified, and, as modified, affirmed, with costs.